**ARMCO, INC., Plaintiff,**

v.

**BURNS & McDONNELL, INC., Defendant.**

**No. C–1–90–766.**

United States District Court, S.D. Ohio, W.D.

Dec. 7, 1992.

Mark Alan Vander Laan, Dinsmore & Shohl, Cincinnati, OH, Philipp B. Konrad Knake, Jr., New York City, for Armco Inc.

Robert Gerard Sanker, James Eugene Burke, Keating, Muething & Klekamp, Cincinnati, OH, Randall E. Hendricks, Kansas City, MO, for Burns & McDonnell Inc.

## ORDER DENYING MOTION TO BAR TESTIMONY AT THIS TIME AND ADOPTING A FINAL PRE–TRIAL ORDER

SPIEGEL, District Judge.

This matter is before the Court on the Plaintiff's Motion to Bar Testimony and Strike Evidence (doc. 49), the Defendant's Response (doc. 51), the Plaintiff's Reply (doc. 55), the Defendant's Motion for Leave to file a Response to the Plaintiff's Reply (doc. 56), and the Plaintiff's Opposition to this Motion (doc. 57).

In the interests of fully hearing all the parties' arguments, we hereby grant the Defendant's Motion for leave to file a Response to the Plaintiff's Reply. Therefore, we shall consider all of the briefing concerning the issue of barring the testimony from Arthur Anderson or David Watson.

Also before the Court is the Memorandum in Support of Proposed Final Pre-trial Order as Attached (doc. 52), the Defendant's Amended Final Pre-trial Order (doc. 53), and the Reply in Support of the Proposed Final Pre–Trial Order (doc. 54).

## BACKGROUND

This litigation arises out of the sale by Armco, Inc. ("Armco") of one of its subsidiaries, Burns & McDonnell, Inc. ("Burns & McDonnell") via an Employee Stock Ownership Plan ("ESOP"). The sale provided that Burns & McDonnell pay $8 million initially, along with another $3 million if Burns & McDonnell had sufficient net operating cash flow from 1986 to 1990. Independent certified public accountants were to review and approve the calculation of Burns & McDonnell's net operating cash flow. Burns & McDonnell hired Arthur Anderson & Co. ("Arthur Anderson") as accountants.

For the first four years of the earnout period, Burns & McDonnell reported negative net operating cash flow. Given that Burns & McDonnell was consistently profitable during this time, Armco grew suspicious over the net operating cash flow which Burns & McDonnell had reported.[1] Armco sought access to Burns & McDonnell's and Arthur Anderson's records, but was denied.

In October 1990, Armco filed this action seeking an accounting and payment for any deficiencies. As part of the discovery in this case, Armco sought accounting records from both Burns & McDonnell and Arthur Anderson. Burns & McDonnell and Arthur Anderson refused to turn over the requested information, relying upon the Missouri accountant-client privilege.

The parties brought this dispute to the Court. After considering the parties' respective arguments, Magistrate–Judge Jack Sherman, Jr. ordered Burns & McDonnell to turn over any relevant documents in its possession. Magistrate–Judge Sherman further determined that Armco would have to go to court in the Western District of Missouri to obtain any documents in Arthur Anderson's possession. Armco argued to the Western District of Missouri that it was entitled to the documents in Arthur Anderson's possession. *See* Plaintiff's Motion to Bar Testimony, doc. 49, exh. A. The court disagreed and issued an order permitting Arthur Anderson to abide by the Missouri accountant-client privilege. *See* Plaintiff's Motion to Bar Testimony, doc. 49, exh. B.

Burns & McDonnell now plans to call David Watson, a partner at Arthur Anderson, as a fact and expert witness. Armco has deposed Mr. Watson, but was denied access to the materials Mr. Watson used in counseling Burns & McDonnell.[2] Therefore, Armco contends that the Court should bar Mr. Watson from testifying at trial. *See* Fed.R.Civ.P. 37(b)(2) (prohibiting a party from introducing designated evidence if that party fails to permit discovery).

## DISCUSSION

The issue before this Court is a thorny one. The discussions of Arthur Anderson and Burns & McDonnell has asserted the Missouri accountant-client privilege over Arthur Anderson's internal working papers. At the same time, however, Armco must obtain information about the methods Burns & McDonnell used in calculating its net operating cash flow. No court has dealt with the situation where a court sitting in a jurisdiction which has a substantive privilege orders protection based on a privilege for discovery purposes, while the trial court does not recognize the privilege for purposes of trial.

## INTRODUCTION

Clearly, Burns & McDonnell has provided voluminous discovery material to Arm-

---

1. At this point in the case, the Court has formed no conclusions whether Armco's suspicions were justified.

2. Specifically, Armco has obtained full discovery of Burns & McDonnell's financial records.

Armco, however, has not procured any information on Arthur Anderson's internal working papers concerning its audits of Burns & McDonnell's financial statements.

co. In July 1991, Burns & McDonnell produced over twelve banker boxes of financial records, and even more records on microfilm. However, both parties agree that Armco has not seen Arthur Anderson's internal working papers concerning its audits of Burns & McDonnell's financial statements.

The significance of Arthur Anderson's internal working papers are hotly disputed, nevertheless. Burns & McDonnell represents to the Court that "all the underlying data and documents which are the bases for Mr. Watson's testimony have been provided to Armco." Defendant's Response, doc. 51, at 14. Armco, on the other hand, maintains that "it will be denied access to the underlying materials [of Mr. Watson's testimony] which are clearly germane...." Plaintiff's Motion to Exclude, doc. 49, at 5.

## RESOLUTION

This Court has a duty to conduct trial with a view toward eliciting truth, obtaining justice, and checking counsel in any effort to obtain an unfair advantage. *See generally, United States v. Amorosa,* 167 F.2d 596, 600 (3d Cir.1948). In light of this duty, we cannot allow Mr. Watson to testify about any information that Armco could not discover prior to trial. *See* Fed.R.Evid. 705 (observing that a court may order an expert to disclose underlying facts and data before testifying); *see generally, Reynolds Metals Co. v. Yturbide,* 258 F.2d 321, 333–34 (9th Cir.), *cert. denied,* 358 U.S. 840, 79 S.Ct. 66, 3 L.Ed.2d 76 (1958) (appearing to recognize that a privilege is waived if there is testimony at trial about the privileged information).

Mr. Watson may testify about *Burns & McDonnell's* accounting records and *Burns & McDonnell's* treatment of certain expenses in its reports to Armco, provided that Mr. Watson does not rely upon privileged information. Mr. Watson may not testify about *Arthur Anderson's* records.

Thus, if some materials are privileged under the Missouri accountant-client privilege, then these materials may not be used as exhibits at trial. Furthermore, Mr. Watson's testimony may not be based upon *any* privileged materials. Any testimony by Mr. Watson based upon evidence which Armco could not obtain in discovery because of the Missouri accountant-client privilege will immediately be stricken from the record.[3]

Therefore, this Court is attempting to give comity to the decision of the its fellow district court in the Western District of Missouri, while at the same time preventing Burns & McDonnell from engaging in a trial strategy of surprise.[4] Burns & McDonnell should be aware that this Court recognizes its right under Missouri law to keep Arthur Anderson's internal working papers privileged. However, this Court will not tolerate Burns & McDonnell using this privilege as a weapon at trial. Thus, this Court will not admit any of Mr. Watson's testimony as a fact witness or as an expert testimony, where Mr. Watson has based that testimony upon Arthur Anderson's internal working papers.

## THE FINAL PRE–TRIAL ORDER

The Court held a Final Pre-trial Conference in this case on August 25, 1992. At this time, the parties agreed upon a Proposed Final Pre-trial Order. On September 23, 1992, the Court granted the Plaintiff's Motion for Summary Judgment on the Defendant's counterclaim. The Court ordered that the parties submit a new Proposed Final Pre-trial Order by October 2, 1992 to reflect this Court's decision on the Defendant's counterclaim.

The parties, however, could not agree upon a Final Pre-trial Order. Plaintiff Armco seeks to add a claim on the issue of deferred taxes. This claim did appear in the Plaintiff's Complaint. It did not appear, however, in the Proposed Final Pre-trial Order which both parties agreed to on August 25, 1992. Armco argues that it should be permitted to add this claim to the

**3.** At the bench trial of this case, this Court will be careful to only consider evidence ultimately admitted into evidence in rendering its decision.

**4.** This Court notes, however, that privileges under state law are not always applicable in federal court. *See LeMasters v. Christ Hosp.,* 791 F.Supp. 188 (S.D. Ohio 1991) (J. Spiegel).

Final Pre-trial Order, because it reserved the right to amend the Final Pre–Trial Order.

This Court, however, never entered into an agreement to permit a change in the Final Pre-trial Order. On August 25, 1992, the parties agreed upon a Final Pre-trial Order—a blue-print for the trial. The Court ordered the parties to resubmit a Final Pre-trial Order to reflect its decision on Armco's Motion for Summary Judgment. The Court's decision on Armco's Motion for Summary Judgment had nothing to do with Armco's new count concerning deferred taxes. Therefore, Armco's proposed Final Pre-trial Order is inappropriate. Instead, this Court will use the Final Pre-trial Order attached to document 53 of the Defendant's Memorandum.

### CONCLUSION

Accordingly, the Plaintiff's Motion to Bar Testimony and Strike Evidence is denied. However, the Defendants should be aware that this Court will not hesitate to strike evidence at trial if the Plaintiff could not obtain the bases for this evidence in discovery. Furthermore, this Court has adopted the Final Pre-trial Order attached to document 53 of the Defendant's Memorandum.

SO ORDERED.